UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-736-1 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DAMIEN ROGER MARCEL STAFFORD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the *pro se* motion of defendant Damien Roger Marcel Stafford ("D. Stafford" or "defendant") for a furlough, which the Court construes as a motion for bond pending sentencing. (Doc. No. 402 (Motion).)[1] Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 405 (Response).) For the reasons that follow, D. Stafford's motion is denied.

**I. BACKGROUND**

D. Stafford was charged for his leadership role in a large-scale drug trafficking

---

[1] Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814–18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), they have no constitutional right to "hybrid representation," that is, simultaneously representing oneself while being represent by an attorney. *United States v. Miller*, 561 F. App'x 485, 488 (6th Cir. 2014) (citation omitted); *United States v. Green*, 388 F.3d 918, 922–23 (6th Cir. 2004) (citation omitted). It is, therefore, well settled that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); *see generally McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000). D. Stafford has made no effort to invoke his constitutional right to proceed without the assistance of counsel, and he continues to receive representation from his appointed counsel. Accordingly, the Court could deny defendant's motion on this ground alone.

organization. (Doc. No. 13 (Indictment).) He was one of 13 individuals charged in this case. On February 2, 2022, a Superseding Indictment was filed charging D. Stafford with the following: conspiracy to possess with intent to distribute methamphetamine, fentanyl, valeryl fentanyl, and cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 9); and use of a communications facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (Count 12). (Doc. No. 34 (Superseding Indictment).)

The government moved for pretrial detention, and, on September 29, 2021 and October 7, 2021, the assigned magistrate judge conducted a detention hearing. (Minutes of Proceedings [non-document], 9/29/2021; Minutes of Proceedings [non-document], 10/7/2021.) At the conclusion of the hearing, the magistrate judge took the matter under advisement. On October 12, 2021, the magistrate judge issued an order of detention, finding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person or the community. (Doc. No. 10 (Detention Order), at 2.[2]) The magistrate judge also determined, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. (*Id*.) As bases for her ruling, the magistrate judge cited the weight of the evidence of dangerousness against D. Stafford; the fact that D. Stafford was subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on supervision; his history of violence or use

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

of weapons; his history of alcohol or substance abuse; his lack of stable employment; his prior failure to appear in court; and his prior supervised release violations. (*Id*. at 2–3.)

In further support of detention, the magistrate judge noted that the information proffered against D. Stafford at the detention hearing, including the circumstances surrounding his arrest and the discovery of substantial quantities of fentanyl and other evidence of drug trafficking at time of his arrest, was "consistent with an intent to distribute large quantities of a dangerous controlled substance, which supports a finding of dangerousness and weighs against release." (*Id*. at 3.) The magistrate judge also detailed defendant's extensive history of: "(1) felony convictions for violent crimes (burglary, robbery, assault, gang activity, and firearm violations); (2) felony convictions for drug offenses (possession, trafficking, and tampering with evidence); (3) multiple probation violations and revocation of bond; and (4) misdemeanor convictions for assault, domestic violence, drug abuse and contempt of court." (*Id*.) Additionally, the magistrate judge noted that, at the time of his arrest, D. Stafford was on supervised release and had an active warrant for his arrest for domestic violence. (*Id*.)

On July 31, 2024, with the benefit of a Fed. R. Crim. P. 11(c)(1)(C) plea agreement that provided for an agreed-upon prison sentence of 240 months, D. Stafford entered a plea of guilty to Counts 1 and 2 of the Superseding Indictment. (Minutes of Proceedings [non-document], 7/31/2024; *see* Doc. No. 371 (Plea Agreement).[3]) At the conclusion of the hearing, the Court remanded D. Stafford to the custody of the U.S. Marshals. He is currently housed at Northeast Ohio Correctional Center ("NEOCC"). The Court ordered the preparation of a Presentence

---

[3] The plea agreement provides that Counts 9 and 12 of the Superseding Indictment will be dismissed at sentencing. (*Id*. at 5 ¶ 11.)

3

Investigation Report ("PSR") by U.S. Probation and Pretrial Services and set sentencing for November 20, 2024. (*See* Minutes of Proceedings [non-document], 7/31/2024.)

## II. DISCUSSION

On October 16, 2024, D. Stafford filed the present motion in which he requests a "30-day pre-sentence furlough" so that he can address certain issues relating to his children and his health. (Doc. No. 402, at 3.) D. Stafford explains that his son was recently arrested and has run away from home. He indicates that he "seriously need[s] to have a heart to heart talk with [his] boy as soon as possible." (*Id*. at 1.) Additionally, he notes that he has yet to find the "courage" to tell his 6-year-old daughter that he is in custody and will be serving a lengthy prison sentence. (*Id*. at 1–2.) Adding to his concerns, D. Stafford reports that he has not been able to properly address his "pre-existing sleep apnea condition" because he was arrested on the present charges before his scheduled medical appointment. (*Id*. at 3.) He believes that temporary release would afford him an opportunity to speak with his children and attend to his medical condition. (*Id*.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. Because D. Stafford has now pleaded guilty to, and is awaiting sentence for, one or more offenses described in 18 U.S.C. § 3142(f)(A)–(C)—i.e., an offense under the Controlled Substance Act that carries a term of imprisonment of at least 10 years—Section 3143(a)(2) applies. *See* 18 U.S.C. § 3143(a)(2). (*See* Doc. No. 398, at 30 ¶ 90 (noting that, with respect to Counts 1 and 2, "the minimum term of imprisonment is 10 years and the maximum term is life per count").) Under 18 U.S.C. § 3143(a)(2), the court must order the defendant detained unless: (1) the court "finds there is a substantial likelihood that a motion for acquittal or new trial

4

will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed" and (2) the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Here, the parties have entered into a binding Rule 11(c)(1)(C) agreement whereby, if the Court accepts the agreement, D. Stafford will be sentenced to a custody term of 240 months. (*See* Doc. No. 371, at 6 ¶ 15.) This is not a case, therefore, where the government is recommending that no prison sentence be imposed. Further, beyond reserving the right to appeal a sentence that exceeds the statutory maximum or exceeds the maximum of the sentencing range under the advisory United States Sentencing Guidelines, D. Stafford has waived his right to appeal and/or seek post-conviction relief. (*Id*. at 7 ¶ 20.) Moreover, the Court is unaware of any legal basis upon which D. Stafford could successfully challenge his convictions in a post-trial motion. For these reasons, the Court does not believe that there is a likelihood (let alone a *substantial* likelihood) that a defense motion will result in a new trial or a judgment of acquittal.

In light of the present charges, and considering defendant's violent past, the Court also cannot by clear and convincing evidence find that defendant will not pose a danger to any other person or the community. D. Stafford has now entered a guilty plea to conspiracy to possess with intent to distribute methamphetamine, fentanyl, valeryl fentanyl, and cocaine; and possession with intent to distribute a controlled substance, inherently danger activities. *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (recognizing that "drug trafficking is a serious offense that, in itself, poses a danger to the community"). He also has a pending charge in state court for domestic

violence.[4] (*See* Doc. No. 398 (PSR), at 25 § 70.) Additionally, D. Stafford's extensive criminal history—which began in 1993, when he was only 13 years old—is rife with convictions for drug trafficking, weapons, and violence. (*See* Doc. No. 398, at 12–24 ¶¶ 32–62.) His adult convictions, which scored an alarming 16 criminal history points and resulted in a criminal history category of VI,[5] include convictions for felonious assault, aggravated assault, aggravated robbery, and aggravated trafficking in cocaine. (*See id.* at 17, 22–24 ¶¶ 49–50, 58, 62, 64.) These facts lead to the inescapable conclusion that D. Sheppard poses a serious danger to others and the community.

The Court is also far from convinced that D. Stafford will not flee. His negotiated sentence, should the Court accept the parties' Rule 11(c)(1)(C) agreement, is 240 months. (Doc. No. 371, at 6 ¶ 15.) This is a substantial sentence, which D. Stafford refers to as "almost a death sentence at [his] age and health." (Doc. No. 402, at 1.) Thus, he is facing a substantial prison sentence and has an even higher incentive to flee than when he was first charged in this case. He is also still facing a serious felony charge in state court, and he committed the present controlled substance offenses while under criminal justice sentences for two state court cases, suggesting that he is unwilling or unable to follow court-imposed conditions of release. (*See* Doc. No. 398, at 24 ¶ 65.) His history of supervised release violations only serves to cement the Court's view that D. Stafford would not be compliant on bond. (*See* Doc. No. 8 (Pretrial Services Report), at 5, 7.)

---

[4] It appears from the website of the Akron Municipal Court that the warrant for D. Stafford's arrest for domestic violence—a fourth degree felony—remains active.

*See* https://courts.akronohio.gov/AkronCaseInformation/cases/criminal/21-CR-04157-001 (last visited Nov. 14, 2024).

[5] One point was added, for a total criminal history score of 17, because defendant committed the instant offenses while under criminal justice sentences in two state court cases. (*Id.* at 24 ¶¶ 65–66.) According to the PSR, D. Stafford would also be a criminal history category VI because he qualifies as a career offender under the Sentencing Guidelines. (*Id.* at 24 ¶ 67 (citing U.S.S.G. § 4B1.1(b).)

For all of these reasons, the Court finds that D. Stafford has failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to others and the community. Thus, he is subject to detention under § 3143(a)(1).

Once detained in accordance with § 3143(a)(1), an exception contained in 18 U.S.C. § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." § 3145(c) (emphasis added). "Exceptional reasons" permitting the release of a defendant subject to detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *see United States v. Owen*, No. 3:20-cr-70, 2024 WL 2338267, at *2 (W.D. Ky. May 22, 2024) (underscoring that "exceptional reasons" really are limited to those situations that are "out of the ordinary," "uncommon," or "rare") (citations omitted); *see also United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) ("Exceptional reasons" should set a defendant apart from other persons convicted of similar offenses. (Rymer, J., concurring)); *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (noting that exceptional reasons "entail a showing that detaining the defendant through sentencing works a particular injustice"). The Court does not find the existence of "exceptional reasons" for release.

While the Court is sympathetic to D. Stafford's concern for his children, there is an absence of any precedent for concluding that such factors amount to exceptional circumstances under § 3145(c). *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13

7

(E.D. Mich. Sept. 4, 2013) (concluding that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd*, 626 F. App'x 610 (6th Cir. 2015); *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) (disruption of family due to incarceration not an exceptional circumstance (collecting cases)); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (defendant's close relationship with stepdaughter and stabilizing influence on wife were not exceptional circumstances).

Defendant's health concerns also fail to rise to the level of an exceptional reason warranting pre-sentencing release. While he claims to suffer from a "pre-existing sleep apnea condition . . . , which [he notes] is generally known to be potentially life threatening[,]" D. Stafford does not provide any evidence that he actually has this medical condition. (*See* Doc. No. 402, at 3.) He offers no medical records documenting such a diagnosis or demonstrating the severity of any such condition. Sleep apnea is also not listed among his medical conditions in the PSR. (*See* Doc. No. 398, at 27 ¶¶ 78–79.) Moreover, D. Stafford has failed to demonstrate that the medical staff at NEOCC are unable to provide adequate care for his undocumented condition.[6] In short, he has failed to meet his burden of "clearly show[ing]" that his sleep apnea rises to the level of an exceptional reason for release. *See, e.g., United States v. Johnson*, No. 3:20-cr-31, 2022 WL 167860, at *12 (W.D. Ky. Nov. 8, 2022) (defendant's laundry list of medical conditions did not

---

[6] The government correctly observes that D. Stafford has been in federal custody since his arrest in September 2021. In all that time (more than 3 years of custody), defendant has failed to raise the issue of his sleep apnea before or otherwise suggest that NEOCC has been unable to provide adequate medical care for any of his medical conditions.

establish an exceptional reason for release); *see also United States v. Parker*, No. 1:10-cr-28, 2011 WL 672309, at *2 (E.D. Tenn. Feb. 18, 2011) (observing that "[c]ourts have found that chronic medical conditions are not exceptional reasons justifying release").

Ultimately, the Court finds that D. Stafford has not satisfied his burden of demonstrating the existence of an exceptional reason sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for bond pending sentencing (Doc. No. 402) is denied.

**IT IS SO ORDERED**.

Dated: November 14, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**